### LICHTENBERG v. HODZ.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

NEW TRIAL (§ 81*)—RIGHT TO ALLOW NEW TRIAL—CONFLICTING EVIDENCE—EXCEPTIONS.

   Where the evidence was conflicting, and that of plaintiff did not preponderate over defendant's the trial court could not set aside a verdict for defendant and grant a new trial, where plaintiff reserved no exceptions to the admission of evidence or the charge, and offered no requests.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 131; Dec. Dig. § 81.*]

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by Joseph Lichtenberg against Samuel Hodz. From an order setting aside a verdict in his favor, defendant appeals. Order reversed, and verdict reinstated.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

I. & H. Silverman, of New York City, for appellant.

I. Cohen, of New York City, for respondent.

PER CURIAM. The plaintiff sued for professional services rendered the defendant claiming the reasonable value thereof to be $200. The rendition of the services or their value was not disputed. The only issue tried was as to whether or not the services were to be rendered upon a contingent basis of 10 per cent. upon any amount. collected by the plaintiff. Upon this question there was a conflict of tes-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

timony, and a reading of the record shows that the defendant submitted as convincing proof in support of his contention, as did the plaintiff. The charge was fair, expressly declaring to the jury that but a simple question of fact was involved, and at its close the attorneys respectively stated that they had no requests or exceptions to make. The jury found for the defendant. Subsequently upon motion the court set aside the verdict and ordered a new trial. No exceptions to the introduction of testimony were taken at the trial. The verdict was not contrary to law, nor against the weight of evidence, nor for excessive or insufficient damages, and it is upon one or more of such grounds only that a verdict may be set aside by a trial justice. The record is barren of any reason for this exercise of the power of the court, and therefore the order must be reversed.

Order reversed, with costs, and verdict reinstated.